USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/03/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YOVANNY DOMINGUEZ, *for himself and on behalf of all other persons similarly situated*, :
:
:
Plaintiff, :  **MEMORANDUM ORDER**
:
-v- : 19-CV-11932 (JLC)
:
BOHEMIAN CITIZENS BENEVOLENT :
SOCIETY OF ASTORIA L.I.N.Y., *et al.*, :
:
Defendants. :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

By letter dated March 27, 2020 ("the cover letter"), counsel for Defendants presented for the Court's approval the parties' proposed Consent Decree, which they submit, "is fair and reasonable and in the public interest." Dkt. No. 16. However, this is not the correct standard to apply in this case.

The correct standard for a non-class action settlement brought by a party other than an enforcement agency, such as this one, is whether the proposed consent decree:

> 1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, 2) comes within the general scope of the case made by the pleadings, and 3) furthers the objectives of the law upon which the complaint was based.

*Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (citation and internal punctuation omitted); *accord Crosson v. PopSockets LLC*, No. 19-CV-200 (CBA) (LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.*, No. 14-CV-3762 (LDH) (PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017).

This should not come as a surprise as Magistrate Judge Gorenstein had recently corrected defense counsel on this very point in a case cited in a footnote to the cover letter. *See Figueroa v. Arhaus, LLC*, No. 18-CV-10491 (GWG), Dkt. No. 16. Indeed, the cases that defense counsel cite in the body of the cover letter are the exact same cases that Judge Gorenstein pointed out were inapposite. *See id.* (noting that *Yap v. Sumitomo Corp. of Am.*, No. 88-CV-700 (LBS), 1991 WL 29112 (S.D.N.Y. Feb. 22, 1991) and *Meyer v. Macmillan Pub. Co., Inc.*, No. 78-CV-2133 (MEL), 1986 WL 15676 (S.D.N.Y. Mar. 28, 1996) involved class action settlements and that *SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285 (2d Cir. 2014) was brought by an enforcement agency). Consequently, counsel should reconsider the form letter that they

apparently submit to the court in any future analogous cases and modify the case law contained therein.

In any event, the Court has reviewed the proposed Consent Decree and finds that it meets the requirements set forth in *Kozlowski* and its progeny. Accordingly, it is hereby approved. In addition, consistent with this Memorandum Order, the Court has struck the proposed finding regarding the "public interest" (as it is inapplicable) and the reference to plaintiff acting as a "private attorney general" (as it is irrelevant) and replaced it with a reference to this Memorandum Order.

**SO ORDERED.**

Dated: New York, New York
April 3, 2020

_____
JAMES L. COTT
United States Magistrate Judge